JS 44 (Rev. 12/12)    MB    HB

# CIVIL COVER SHEET

2:15-cv-2492

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JESSICA RODRIGUEZ, LA'QUISHA HARRIS and ASHLEY WHITE on behalf of themselves and all others similarly situated

## DEFENDANTS
INFINITE CARE, INC., JULIO MIRANDA, GARY CHARNIS and LUIS LONDON

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael R. Miller, Esq. of MARGOLIS EDELSTEIN; 215-922-1100 (phone); 170 S. Independence Mall W., Suite 400E, Philadelphia, PA 19106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☒ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 2101-2109 et seq.
Brief description of cause:
WARN Act litigation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE ___  DOCKET NUMBER ___

DATE: 05/05/2015
SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael R. Miller

**FOR OFFICE USE ONLY**
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

MAY 0 5 2015

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Margolis Edelstein, 170 S. Independence Mall W., Suite 400E, Philadelphia, PA 19106

Address of Defendant: 6423 Rising Sun Avenue, Philadelphia, PA 19111

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) Worker Ajustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act")

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Michael Miller, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: May 5, 2015     Michael Miller     306904
                      Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

MAY 05 2015

DATE: May 5, 2015     Michael Miller     306904
                      Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JESSICA RODRIGUES, LA'QUISHA HARRIS : and ASHLEY WHITE, et al. | : | CIVIL ACTION |
| v. | : | |
| INFINITE CARE, INC., et al. | : | NO.  15  2492 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| | | |
|---|---|---|
| May 5, 2015 | Michael Miller | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-922-1100 | 215-922-1772 | mmiller@margolisedelstein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 0 5 2015

$400



①

Michael R. Miller
Margolis Edelstein
170 S. Independence Mall W.
Philadelphia, PA 19106-3337f
(215)922-1100
(215)922-1779

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

FILED

MAY 05 2015

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

15    2492

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
----------------------------------------------------------x
JESSICA RODRIGUEZ, LA'QUISHA
HARRIS and ASHLEY WHITE, on behalf of
themselves and others similarly situated,

        Plaintiffs,

v.

INFINITE CARE, INC, JULIO MIRANDA,
GARY CHARNIS and LUIS LONDONO.,

        Defendants.
----------------------------------------------------------x

INDEX NO.

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

    1.    Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

### JURISDICTION AND VENUE

    2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Pennsylvania Minimum Wage Act. ("PMWA"). This Court has supplemental jurisdiction over the Pennsylvania state law claims, as they are so related to the claims in this

5

action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Infinite Care, Inc. is hereinafter collectively referred to as "Defendant."

5. Defendant is part of a single integrated enterprise that employed Plaintiffs and those similarly situated at all relevant times. Defendant is run, operated and owned by Julio Miranda, who was the Director of Defendant and is subject to the same general management.

6. Upon information and belief, Defendant is a Pennsylvania corporation which operates at 6423 Rising Sun Avenue Philadelphia, PA 19111.

7. Defendant Julio Miranda ("Miranda") was at all relevant times, a Director of Infinite Care, Inc. and was actively involved in the management of the health care agency. He had ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records. Miranda exercised sufficient control of day to day operations in his individual and personal capacity to be considered an employer of Plaintiffs and those similarlysituated under the FLSA.

8. Defendant Gary Charnis ("Charnis") was at all relevant times, the Director of Operations at Infinite Care, Inc. and was actively involved in the management of the health care agency. He had ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records. Charnis exercised sufficient control of day to day

operations in his individual and personal capacity to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

9. Defendant Luis Londono ("Londono") was at all relevant times, the President of Infinite Care, Inc. and was actively involved in the management of the health care agency. He had ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records. Londono exercised sufficient control of day to day operations in his individual and personal capacity to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

10. Plaintiffs were employed as certified home health aides at remote locations, and were employed at Defendant's 6423 Rising Sun Avenue Philadelphia, PA 19111 location until February 27, 2015.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) and PMWA, on behalf of all former employees of Defendant, Mirando, Chamis and Londono (hereafter "Defendants") as of February 27, 2015 who have not received any wages from Defendants for work performed during the period from approximately February 13, 2015 until approximately February 27, 2015 ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to

3

pay them at the legally required minimum wage for all hours worked. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### RULE 23 CLASS ALLEGATIONS - PENNSYLVANIA

14. Plaintiffs bring the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all former employees of Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

16. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that

number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

17.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay unpaid wages.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a)    Whether Defendants employed Plaintiffs and the Class members within the meaning of the Pennsylvania law.

    b)    At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiffs and the Class members for their work.

    c)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiffs and the Class members at all.

    d)    Whether Defendants paid Plaintiffs and the Class members the federal and state minimum wage for all hours worked.

e) Whether Defendants properly compensated Plaintiffs and Class members for overtime.

## FACTS

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Plaintiffs were not compensated by Defendants for overtime pay and wages for the hours they were permitted to suffer or endure work..

23. Plaintiffs worked approximately 40 hours per week and sometimes over 40 hours per week when compelled to do so by Defendants.

24. During the time of February 13, 2015 through February 27, 2015 Plaintiffs were not compensated by Defendants for any hourly wage for the hours they worked.

25. Defendants did not pay Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class the federal and state minimum wages, and in fact did not compensate them any hourly wage.

26. Defendants had no method of tracking the amount of hours worked by Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

27. Defendants failed to maintain written procedures pertaining to the timing, method and form of payment of wages on a regular basis.

28. Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class one-and-one-half times the Federal and State minimum wages for all of the hours that they worked in excess of 40 per workweek.

29. Plaintiffs' and the Class Members' workdays often lasted longer than 8 hours.

## FIRST CLAIM FOR RELIEF
**FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.***

**(Brought By Plaintiffs on Behalf of Themselves and Against All Defendants)**

30. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

31. At all relevant times, all Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs, requiring them to work for the sole benefit of the Defendants and/or Defendants business.

32. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

33. Accordingly, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations for their willful violation of the law, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**Pennsylvania Minimum Wage Act, 43 Pa. Con. Stat. Ann. § 333.101 et seq.**
**(Brought By Plaintiffs on Behalf of Themselves and the Class Against All Defendants)**

34. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

35. Defendants knowingly failed to pay Plaintiffs the Pennsylvania minimum wage.

36. Defendants did not pay Plaintiffs the Pennsylvania minimum wage for all hours worked.

37. Defendants failure to pay Plaintiffs the Pennsylvania minimum wage was willful.

38. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by PMWA.

### THIRD CLAIM FOR RELIEF
**Breach of Contract – Pennsylvania Common Law**
**(Brought By Plaintiffs on Behalf of Themselves and the Class Against all Defendants)**

39. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

40. Upon information and belief, Defendants entered into employment contracts with Plaintiffs governing their wages, benefits and other terms and conditions of employment.

41. By refusing to pay Plaintiffs wages for time worked, Defendants have caused a material breach of these contracts.

42. Defendants are believed to be in possession of these contracts, which will be produced during discovery.

43. As a result of these actions, Defendants have caused Plaintiffs direct and consequential damages.

### FOURTH CLAIM FOR RELIEF
**Unjust Enrichment – Pennsylvania Common Law**
**(Brought By Plaintiffs on Behalf of Themselves and Class Against All Defendants)**

44. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

45. At all relevant times, Defendants caused Plaintiff to suffer work without payment of promised wages.

46. Defendants retained the benefits of such work under circumstances that render it inequitable and unjust for Defendants to retain such benefits.

47. Accordingly, Defendants were unjustly enriched by enjoying Plaintiffs' labor without proper remuneration and wages to Plaintiffs.

48. As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs have suffered injury and are entitled to reimbursement, restitution and disgorgment of Defendants of all of the benefits conferred by Plaintiffs and retained by the Defendants, including but not limited to any lost profits incurred during the relevant time period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: Philadelphia, Pennsylvania
May 5, 2015

Respectfully submitted,

MICHAEL R. MILLER

By: /s/ Michael R. Miller, Esquire
Michael R. Miller
Margolis Edelstein
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
(215)922-1100
(215)922-1779

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

11