# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA RODRIGUEZ, LA'QUISHA HARRIS AND ASHLEY WHITE, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED<br><br>Plaintiff<br><br>v.<br><br>INFINITE CARE, INC., JULIO MIRANDA, GARY CHARNIS, AND LUIS LONDONO<br><br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 15-2492<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT, JULIO MIRANDA'S, ANSWERS AND DEFENSES TO THE COMPLAINT

### ANSWER

Answering Defendant, Julio Miranda, ("Miranda" or "Answering Defendant") submits the following Answer and Defenses to Plaintiffs' Class Action Complaint ("Complaint").

1. The allegations against Miranda are denied. Miranda admits that the Complaint purports to be an action brought by the Plaintiffs to recover wages but denies that Plaintiffs have stated a cause of action against him.

### JURISDICTION AND VENUE

2. The allegations contained in ¶ 2 are legal conclusions to which no response is required.

1

3. The allegations contained in ¶ 3 of the Complaint are denied. Miranda denies conducting business or having responsibility for the claims raised in the Complaint.

## THE PARTIES

4. Paragraph 4 of the Complaint refers to a party other than the Answering Defendant. By way of further answer, it is denied that Miranda may be properly or accurately referred "Collectively" with defendant Infinite Care, Inc.

5. The allegations contained in ¶ 5 of the Complaint are denied. By way of further response, Defendant Infinite Care is not run, operated and owned by Miranda. It is denied Julio Miranda was the director of Defendant. By way of further response, it is unclear as to what is meant in ¶ 5 of the Complaint as "subject to the same general management".

6. Answering Defendant Miranda is without sufficient information to admit or deny the allegations concerning the Defendant's corporate status as set forth in ¶ 6 of the Complaint. By way of further response ¶ 6 refers to a party other than Answering Defendant.

7. The allegations contained in ¶ 7 are denied. It is specifically denied that Answering Defendant Miranda was a director and was actively involved in the management of Infinite Care, Inc. He did not have ultimate authority over employee rates of pay, schedules, hiring and firing, or the maintenance of employment records. It is denied Miranda exercised sufficient control of day-to-day operations in his individual and personal capacity to be considered an employer of the Plaintiffs and those similarly situated under the FLSA.

8. The allegations contained in ¶ 8 refer to a party other than Answering Defendant Miranda who is without sufficient information to admit or deny the allegations about Charnis and therefore denies the allegations.

9. The allegations contained in ¶ 9 refer to a party other than Answering Defendant Miranda who is without sufficient information to admit or deny the allegations about Londono and therefore denies the allegations.

10. The allegations contained in ¶ 10 of the Complaint are denied. Answering Defendant is without sufficient information to admit or deny the allegations of ¶ 10 and therefore denies the allegations. By way of further response, Miranda was terminated prior to February 27, 2015.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. The allegations in ¶ 11 of the Complaint are denied. It is denied Answering Defendant was the employer of the Plaintiffs. By way of further response, Answering Defendant was terminated prior to the dates and times in question.

12. The allegations in ¶ 12 of the Complaint are denied. It is denied Answering Defendant was the employer of the Plaintiffs.

13. The allegations in ¶ 13 of the Complaint are denied. Answering Defendant does not have the names and addresses of the potential FLSA Collective Plaintiffs.

## RULE 23 CLASS ALLEGATIONS – PENNSYLVANIA

14. Answering Defendant admits that the Complaint purports to bring an action pursuant to Federal Rule of Civil Procedure Rule 23. The remainder of the allegations are denied as conclusions of law.

15. Answering Defendant is without sufficient information to admit or deny the allegations in ¶ 15 of the Complaint, and therefore denies the allegations. Answering Defendant does not have the names and addresses of the class members.

16. Answering Defendant is without sufficient information to admit or deny the allegations in ¶ 16 of the Complaint, and therefore denies the allegations.

17. Answering Defendant is without sufficient information to admit or deny the allegations in ¶ 17 of the Complaint, and therefore denies the allegations. It is denied Answering Defendant was responsible for corporate policies and practices.

18. Answering Defendant is without sufficient information to admit or deny the allegations in ¶ 18 of the Complaint, and therefore denies the allegations.

19. Answering Defendant is without sufficient information to admit or deny the allegations in ¶ 19 of the Complaint, and therefore denies the allegations.

20. Answering Defendant is without sufficient information to admit or deny the allegations in ¶ 20 of the Complaint, and therefore denies the allegations.

## FACTS

21. The allegations contained in ¶ 21 and acts alleged in the Complaint are denied.

22. Answering Defendant is without sufficient information to admit or deny the allegations in ¶ 22 of the Complaint, therefore deny the allegations. By way of further response, Answering Defendant was not the employer of the Plaintiffs.

23. Answering Defendant is without sufficient information to admit or deny the allegations in ¶ 23 and therefore deny the allegations. By way of further response, Answering Defendant was not the employer of the Plaintiffs.

24. Answering Defendant is without sufficient information to admit or deny the allegations in ¶ 24 and therefore deny the allegations. Answering Defendant was not employed by the corporate defendant during the time period alleged.

25. The allegations contained in ¶ 25 of the Complaint are denied. By way of further response, Answering Defendant had no duty to pay, track, maintain procedures as alleged in the Complaint.

26. The allegations contained in ¶ 26 of the Complaint are denied. By way of further response, Answering Defendant had no duty to pay, track, maintain procedures as alleged in the Complaint.

27. The allegations contained in ¶ 27 of the Complaint are denied. By way of further response, Answering Defendant had no duty to pay, track, maintain procedures as alleged in the Complaint.

28. The allegations contained in ¶ 28 of the Complaint are denied. By way of further response, Answering Defendant had no duty to pay, track, maintain procedures as alleged in the Complaint.

29. Answering Defendant is without sufficient information to admit or deny the allegations and therefore deny the allegations of ¶ 29.

### FIRST CLAIM FOR RELIEF

**FLSA Minimum Wage Violations, 29 U.S.C. ¶¶ 201,** *et seq.*
**(Brought By Plaintiffs on Behalf of Themselves and Against All Defendants)**

30. Answering Defendant answers ¶ 30 of the Complaint by reincorporating his answers to ¶¶ 1 through 29 of the Complaint as if set forth herein.

31. The allegations contained in ¶ 31 are denied. It is denied Answering Defendant is an employer in the meaning of the cited statute.

32. The allegations contained in ¶ 32 of the Complaint are denied.

33. The allegations contained in ¶ 33 of the Complaint are denied.

## SECOND CLAIM FOR RELIEF

**Pennsylvania Minimum Wage Act, 43 Pa. Con. Stat. Ann. §333.101 et seq.**
**(Brought By Plaintiffs on Behalf of Themselves and the Class Against All Defendants)**

34. Answering Defendant answers ¶ 34 of the Complaint by reincorporating his answers to ¶¶ 1 through 33 of the Complaint as if set forth herein.

35. The allegations contained in ¶ 35 of the Complaint are denied. Answering Defendant had no duty to pay wages.

36. The allegations contained in ¶ 36 of the Complaint are denied. Answering Defendant had no duty to pay wages.

37. The allegations contained in ¶ 37 of the Complaint are denied. Answering Defendant had no duty to pay wages.

38. The allegations contained in ¶ 38 of the Complaint are denied. Answering Defendant had no duty to pay wages.

## THIRD CLAIM FOR RELIEF

**Breach of Contract – Pennsylvania Common Law**
**(Brought by Plaintiffs on Behalf of Themselves and the Class Against all Defendants)**

39. Answering Defendant answers ¶ 39 of the Complaint by reincorporating his answers to ¶¶ 1 through 38 of the Complaint as if set forth herein.

40. Answering Defendant is without sufficient information to admit or deny the allegations of ¶ 40 of the Complaint and therefore deny the allegations. Answering Defendant did not enter into employment contracts.

41. Answering Defendant is without sufficient information to admit or deny the allegations of ¶ 41 of the Complaint and therefore deny the allegations. Answering Defendant had no duty to pay wages.

42. Answering Defendant is without sufficient information to admit or deny the allegations of ¶ 42 of the Complaint and therefore deny the allegations. Answering Defendant does not possess the documents referred to.

43. Answering Defendant is without sufficient information to admit or deny the allegations of ¶ 43 of the Complaint and therefore deny the allegations.

### FOURTH CLAIM FOR RELIEF

**Unjust Enrichment – Pennsylvania Common Law**
**(Brought By Plaintiffs on Behalf of Themselves and Class Against All Defendants)**

44. Answering Defendant answers ¶ 44 of the Complaint by reincorporating his answers to ¶¶ 1 through 43 of the Complaint as if set forth herein.

45. The allegations contained in ¶ 45 of the Complaint are denied.

46. The allegations contained in ¶ 46 of the Complaint are denied.

47. The allegations contained in ¶ 47 of the Complaint are denied.

48. The allegations contained in ¶ 48 of the Complaint are denied.

## PRAYER FOR RELIEF

Answering Defendant, Julio Miranda, denies that Plaintiffs and the putative class are entitled to any relief against him including the relief sought in the prayer in this Complaint. Any allegations in the Complaint that were not specifically admitted are hereby denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which the Plaintiffs are entitled to relief.

2. Plaintiffs lack standing to bring this lawsuit.

3. The Complaint fails to state a claim for which the Plaintiffs are entitled to relief and it is not entitled to relief for its claim for unjust enrichment and breach of contract. Plaintiffs fail to allege and cannot show that Miranda obtained any benefit from Plaintiffs. Plaintiffs also fail to allege and cannot show that Miranda breached any contract.

4. Plaintiffs' claims are barred or limited, in whole or in party, by estoppel.

5. Plaintiffs' claims are barred or limited, in whole or in party, by the applicable statutes of limitations and by applicable statutes of repose.

6. Plaintiffs' claims are limited by federal preemption to the extent they are in conflict with federal law, regulation, or administrative actions.

7. Plaintiffs and the putative class members are not entitled to recover under a balancing of the equities.

8. Plaintiffs' claims and the claims of unnamed class members are barred, in whole or in part, on the basis that Plaintiffs and members of the proposed class would be unjustly enriched if they were allowed to recover the damages being sought in the Complaint.

9. Plaintiffs and members of the proposed class lack standing to sue.

10. Because a contract governing the transaction which is the subject matter of the Complaint exists, Plaintiffs and putative class members cannot maintain an action for unjust enrichment or for breach of an implied contract.

11. Some or all of the claims asserted by Plaintiffs or the putative class members, are barred or limited by the failure of Plaintiffs or putative class members to mitigate their damages.

12. The existence of a contract is a pre-requisite to an action for breach of contract. A plaintiff may not maintain such an action unless he or she is a party to, or an intended third-party beneficiary of, the contract alleged to have been breached. Plaintiffs and putative class members are neither parties to, nor intended third-party beneficiaries of, the contract alleged to have been breached. Alternatively, any express contract alleged by Plaintiffs and the putative class members fails for lack of consideration, lack of assent to mutual contract terms, lack of breach, and lack of damages.

13. To the extent either Plaintiffs or the putative class members suffered damages, if any, those damages were caused by other parties, entities or individuals or entities or individuals not parties to this lawsuit and for whom Miranda is not responsible.

14. The Complaint fails to satisfy the requirements for a class action as set forth in the Federal Rules of Civil Procedure and under applicable state law.

15. The claims of Plaintiffs and the putative class members are barred by the doctrines of voluntary payment, accord and satisfaction, and ratification.

16. The claims of Plaintiffs and the putative class members are barred by the parol evidence rule.

17. Defendant asserts all defenses available to him under the Fair Labor Standards Act.

18. With respect to some or all of the claims brought or allegedly brought by Plaintiffs on behalf of themselves and/or on behalf of any putative collective action, Defendant affirmatively pleads that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

19. Plaintiffs cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. §216(b) because, *inter alia,* they are not similarly situated.

20. Plaintiffs may not recover liquidated damages, because: (1) Defendant acted in good faith and did not commit willful violations of Applicable Law; (2) Defendant did not authorize any such willful violation with respect to Plaintiffs or any alleged member of any purported class or collective action, the existence of which Defendant affirmatively denies; and (3) Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

21. Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to them or it through discovery.

**WHEREFORE,** Defendants respectfully request that:

A. Plaintiffs' individual claims be dismissed with prejudice in their entirety;

B. Collective and/or class action status be denied or, in the alternative, that all collective and/or class claims be dismissed with prejudice;

C. Each and every request for relief in the Complaint be denied;

D. Judgment be entered against Plaintiffs and for Defendant;

E. Defendant be awarded his costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

F.  Defendant be granted such other and further relief as this Court may deem just and proper.

> Respectfully submitted,
>
> MILLER, TURETSKY, RULE & McLENNAN
>
> By: _____
> Mark D. Turetsky, Esquire
> Atty. I.D. No. 21670
> 3770 Ridge Pike
> Collegeville PA 19426
> (610) 489-3300 (Phone)
> (610) 489-1157 (Facsimile)
> mturetsky@millerturetsky.com
> *Attorney for Defendant*
> *Julio Miranda*