## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA RODRIGUEZ, LA'QUISHA HARRIS and ASHLEY WHITE, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, Plaintiffs, v. INFINITE CARE, INC., JULIO MIRANDA, GARY CHARNIS and LUIS LONDONO, Defendants | Case No. 2:15-cv-02492-HB |

### DEFENDANTS' ANSWER
### TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants Infinite Care, Inc., Gary Charnis and Luis Londono, by their undersigned counsel, answer Plaintiffs' Complaint as follows:

1. No response is required insofar as it appears that this paragraph should not have been given a numerical designation.

2. Denied as a conclusion of law to which no response is required.

3. Denied as a conclusion of law to which no response is required.

4. This is a non sequitor since a singular entity cannot be referred to collectively.

5. Denied.

6. Admitted in part; denied in part. It is admitted that Infinite Care, Inc. is a Pennsylvania corporation. The remaining averment is denied.

7. Denied. The averments of paragraph 7 constitute conclusions off law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

8. Admitted in part; denied in part. It is admitted that Charnis was Director of Operations at Infinite Care, Inc. and was actively involved in the healthcare agency. The remaining averments are denied as conclusions of law to which no response is required.

9. Admitted in part; denied in part. It is admitted that Londono was President of Infinite Care, Inc. and was actively involved in the healthcare agency. The remaining averments are denied as conclusions of law to which no response is required.

10. Admitted.

11. Denied. Although Plaintiffs purport to bring claims for relief, they are not entitled to any relief because they have been paid for work performed in February, 2015.

12. Denied as a conclusion of law to which no response is required.

13. Denied as a conclusion of law to which no response is required.

14. Denied as a conclusion of law to which no response is required.

15. Admitted in part; denied in part. It is admitted that the number and identity of the purported class members, the hours assigned and worked, the positions held, the names and addresses of the purported class and the rates of pay for each member of the purported class for the period at issue are determinable from Infinite Care, Inc.'s records. The remaining averments are denied as conclusions of law.

16. Denied as a conclusion of law to which no response is required.

17. Denied as a conclusion of law to which no response is required. By way of further answer, it is denied that any member of the purported class suffered any loss, injury or damage.

18. Denied as conclusions of law to which no response is required.

19. Denied as conclusions of law to which no response is required.

20. Denied as conclusions of law to which no response is required.

21. Denied. The averments of paragraph 21 constitute conclusions of law to which no response is required. To the extent that these averments are deemed to be factual, they are denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. The answering Defendants incorporate their responses to the preceding paragraphs as if set forth at length.

31. Denied as a conclusion of law to which no response is required.

32. Denied as a conclusion of law to which no response is required.

33. Denied as a conclusion of law to which no response is required.

34. The answering Defendants incorporate their responses to the preceding paragraphs as if set forth at length.

35. Denied. The averments of paragraph 35 constitute conclusions of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

36. Denied. The averments of paragraph 36 constitute conclusions of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

37. Denied. The averments of paragraph 37 constitute conclusions of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

38. Denied as a conclusion of law to which no response is required.

39. The answering Defendants incorporate their responses to the preceding paragraphs as if set forth at length.

40. Denied as a conclusion to which no response is required.

41. Denied. The averments of paragraph 41 constitute conclusions of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

42. After reasonable investigation, the answering Defendants are without sufficient information to respond to the averments in paragraph 42 as to Plaintiff's beliefs and these averments are denied.

43. Denied as a conclusion of law to which no response is required.

44. The answering Defendants incorporate their responses to the preceding paragraphs as if set forth at length.

45. Denied.

46. Denied. The averments of paragraph 46 constitute conclusions of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

47. Denied. The averments of paragraph 47 constitute conclusions of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

48. Denied as a conclusion of law to which no response is required.

WHEREFORE, Defendants respectfully request that:

    A. Plaintiffs' individual claims be dismissed with prejudice in their entirety;

    B. Collective and/or class action status be denied or, in the alternative, that all collective and/or class claims be dismissed with prejudice;

    C. Each and every request for relief in the Complaint be denied;

D.  Judgment be entered against Plaintiffs and for Defendants;

E.  Defendants be awarded their costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

F.  Defendants be granted such other and further relief as this Court may deem just and proper.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to set forth causes of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate any alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs were paid all wages owed to them based upon their submission of time records to Infinite Care, Inc.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs had been paid all wages owed to them by Infinite Care, Inc.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are bared by the doctrines of voluntary payment, accord and satisfaction and ratification.

**SIXTH AFFIRMATIVE DEFENSE**

At all times concerned in this litigation, defendants acted in a manner which was proper, reasonable, lawful and in the exercise of good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants assert all defenses available to them under the Fair Labor Standards Act.

**NINTH AFFIRMATIVE DEFENSE**

With respect to some or all of the claims brought or allegedly brought by Plaintiffs on behalf of themselves and/or on behalf of any putative collective action, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. §216(b) because, *inter alia*, they are not similarly situated.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are precluded from recovering any amounts from Defendants where Defendants have paid Plaintiffs all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and the Pennsylvania Minimum Wage Act, and all of their implementing regulations (collectively "Applicable Law").

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize

any such willful violation with respect to Plaintiffs or any alleged member of any purported class or collective action, the existence of which Defendants affirmatively deny; and (3) Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## FOURTEENTH AFFIRMATIVE DEFENSE

Except as expressly admitted and alleged herein, Defendants deny each and every allegation set forth in the Complaint and deny Plaintiffs are entitled to any relief whatsoever.

## FIFTEENTH AFFIRMATIVE DEFENSE

The answering individual defendants cannot be liable since they were not parties to any contract, express or implied and are not employers.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are bared, in whole or in part, on the basis that Plaintiffs would be unjustly enriched if they were allowed to recover the damages being sought in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to them or it through discovery.

WHEREFORE, Defendants respectfully request that:

A. Plaintiffs' individual claims be dismissed with prejudice in their entirety;

B. Collective and/or class action status be denied or, in the alternative, that all collective and/or class claims be dismissed with prejudice;

C. Each and every request for relief in the Complaint be denied;

D. Judgment be entered against Plaintiffs and for Defendants;

E. Defendants be awarded their costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

F. Defendants be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Steven K. Ludwig*
Steven K. Ludwig, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
(215) 299-2164 (phone)
(215) 299-2150 (facsimile)
sludwig@foxrothschild.com
*Counsel for Defendants*
*Infinite Care, Inc., Gary Charnis*
*and Luis Londono*

Dated:  July 7, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served this day upon the following counsel of record via the Court's electronic transmission facilities:

    Michael R. Miller, Esquire
    mmiller@margolisedelstein.com
    *Counsel for Plaintiffs*

    Mark D. Turetsky, Esquire
    mturetsky@millerturetsky.com
    *Counsel for Defendant Julio Miranda*


    */s/ Steven K. Ludwig*
    Steven K. Ludwig, Esquire

Dated: July 7, 2015